

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD LEE MCDONALD (#N-23082), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 4196 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| WEXFORD HEALTH SOURCES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Donald Lee McDonald, an inmate presently incarcerated at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his amended complaint, Plaintiff alleges that the Defendants, Wexford Health Sources, Dr. Parthasarathi Ghosh, Dr. Liping Zhang, and Dr. Andrew Tilden (hereinafter, "Defendants"), violated his constitutional rights by denying him adequate medical care.

He alleges that he suffers from high cholesterol, kidney problems, and staphylococcus aureus, and that Defendants denied him constitutionally adequate care for his various ailments. On initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff stated a claim for deliberate indifference to a serious medical need against these four Defendants. Plaintiff had named Roger Walker, the former Director of the Illinois Department of Corrections, and Assistant Warden of Stateville Hosey, but they were dismissed as Defendants on October 7, 2009, on initial review pursuant to 28 U.S.C. § 1915A.

Presently before the Court is Defendants' motion to dismiss Plaintiff's amended complaint for failure to state a claim. Defendants filed their motion [#16] on December 4, 2009. In their motion, Defendants argue that Plaintiff's amended complaint is deficient for several

reasons, including: 1) Plaintiff's claims against Wexford do not adequately state a custom and policy sufficient to give Wexford notice of the claims against it; 2) Plaintiff's claims against Defendant Dr. Ghosh are supervisory in nature; 3) Plaintiff fails to state a claim for deliberate indifference against Defendants Zhang and Tilden; and 4) Plaintiff makes unrelated claims against unrelated Defendants subject to dismissal pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

Plaintiff has brought two motions seeking medical examinations relating to his chronic pain [#24], and relating to his dental care [#25]. He has further brought a "Declaration" which the Court construes as a motion seeking a preliminary injunction [#6] and a motion for ruling on his motion for preliminary injunction [#28]. For the reasons stated in this order, Defendants' motion to dismiss is denied, and Plaintiff's motions for examination and for preliminary injunction are denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

Nevertheless, the allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing

2

all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

## BACKGROUND

Plaintiff alleges the following facts in his amended complaint, which are accepted as true for purposes of the motion to dismiss. Plaintiff is incarcerated at Stateville Correctional Center. He suffers from chronic high cholesterol, which for a period of ten years was treated through a combination of diet and medication. Plaintiff also suffers from staphylococcus aureus MLS resistance, resulting in "staff" [sic] related bumps on his scalp, underarms, and between his legs. Plaintiff's staphylococcus aureus MLS resistance has resulted in permanent scarring.

Plaintiff alleges that he was prescribed Lipitor for his high cholesterol, and that the drug effectively lowered his cholesterol levels. Plaintiff further alleges that due to Defendant Wexford's cost cutting policies, he was told that Lipitor was no longer available, and that he was prescribed a series of medications, including Mevacor and Gemfizabril, which were ineffective at lowering his cholesterol levels and caused him to have pain in his kidneys. Plaintiff also alleges that Wexford's cost cutting policies resulted in the firing of the dietician who provided low cholesterol diets and decreased the number of medical technicians in the cell-houses, compromising Plaintiff's ability to receive medical treatment.

Plaintiff further alleges that Dr. Ghosh, in carrying out Wexford's policies, refused to adequately treat Plaintiff for his various ailments and for the pain, which resulted from being prescribed Mevacor and Gemfizabril. With respect to treatment of his staphylococcus aureus, Plaintiff alleges that he was treated with antibiotics, but due to a failure to monitor his condition and to follow the recommended treatment plan provided to Dr. Ghosh by the University of

3

Illinois, Plaintiff has developed a resistance to the antibiotics. Because of the resulting resistance to treatment, Plaintiff suffers from recurring bouts of staphylococcus aureus. Finally, with respect to Dr. Ghosh, Plaintiff alleges that he failed to develop a medical protocol for patients like Plaintiff who require ongoing care, resulting in Plaintiff's repeated and ongoing illnesses and pain.

With respect to Defendant Zhang, Plaintiff alleges that she failed to treat him for the pain in his kidneys and that the only way he was able to procure medication for the pain was to contact his family and the John Howard Association and the National Alliance against Racist and Political Repression. Plaintiff's family contacted the Warden of Statville and Plaintiff was prescribed thirty days worth of pain medication. Plaintiff further alleges that in furtherance of Wexford's cost-cutting policies, Defendant Zhang continued to prescribe him medication that did not lower his cholesterol and caused him ongoing pain in his kidneys. His final allegation against Defendant Zhang is that she mistakenly prescribed him an anti-fungal medication for the bacterial staphylococcus aureus.

With respect to Defendant Tilden, Plaintiff alleges that he prescribed only medications for his high cholesterol that cause Plaintiff kidney pain and did not lower his cholesterol, in spite of Plaintiff's protests. Plaintiff complained of the pain caused by the medications, and Defendant Tilden ignored him. Finally, Plaintiff alleges that Defendant Tilden refused Plaintiff his yearly chest x-ray to check for Tuberculosis.

## ANALYSIS

### I. Defendants' Motion to Dismiss

#### A. Plaintiff Adequately States a Custom and Policy as to Wexford.

Defendants argue in their motion that Plaintiff fails to state a § 1983 claim against Defendant Wexford because he does not adequately name or describe a custom and policy that

violated Plaintiff's rights. Plaintiff's allegation as to Defendant Wexford is that it instituted a custom and policy of cost cutting measures. According to Plaintiff, the cost cutting measures resulted in the firing of a dietician who provided low cholesterol meals; a decreased number of medical technicians in the cell houses at Stateville, which resulted in him having to wait weeks, and sometimes months to receive medical care; and leaving Plaintiff without access to a medication to lower his cholesterol that did not also cause him serious pain in his kidneys.

The Seventh Circuit has held that a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000). The policy must be the direct cause or moving force behind the constitutional deprivation. *Id.*

In the present case, Plaintiff alleges that Wexford instituted cost cutting policies that deprived him of medication that would successfully treat his high cholesterol without causing him pain in his kidneys. *See* Plaintiff's complaint p. 10 and 19. He further alleges that Wexford's policy resulted in the firing of a dietician, when a part of Plaintiff's treatment for his condition had been through a healthy diet. *Id.* at p. 8. According to Plaintiff, the policy also resulted in fewer medical technicians in the cell houses at Stateville with the consequence that it would take him weeks and sometimes months to receive medical treatment. *Id.*

Plaintiff's complaint more than adequately states a policy that was the direct cause or moving force behind what he alleges is constitutionally inadequate medical care. Defendants in their motion to dismiss argue that Plaintiff is required to plead a specific policy or practice, and that is what Plaintiff has done. Plaintiff's pleading satisfies the requirements of Fed. R. Civ. P. 8(a) and the notice pleading requirements established by the United States Supreme Court and has satisfactorily pled a claim for deliberate indifference against Defendant Wexford. *See Bell*

*Atlantic v. Twombly*, 550 U.S. 544 (2007). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). Consequently, Defendants' motion to dismiss Wexford is denied.

### B. Plaintiff has failed to State a Cause of Action Against Dr. Ghosh in his Individual Capacity.

Defendants argue that Plaintiff's claims against Dr. Ghosh are supervisory in nature and therefore not actionable under § 1983. Plaintiff has adequately stated that Wexford has implemented a policy and practice that caused him to receiveconstitutionally inadequate health care. Plaintiff further alleges that Defendant Ghosh, as the Medical Director for Wexford at Stateville, was responsible for implementing that policy, leading to inadequate care.

To the extent that Plaintiff is attempting to hold Dr. Ghosh liable in his individual capacity, Plaintiff must allege that he was personally involved in the alleged constitutional violation. Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery. *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)); *see also Alejo v.*

6

*Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (*sua sponte* dismissal of complaint *Bivens* complaint upheld for failure to allege personal involvement against the defendants).

Plaintiff alleges that Dr. Ghosh implemented a policy by Wexford at Stateville, which resulted in constitutionally inadequate medical care. *See* Plaintiff's complaint pp 11-13. Plaintiff further alleges that it is Dr. Ghosh's practice to let inmate medical problems become severe enough that they require emergency care. *Id.* at p. 13. Plaintiff alleges that decisions made by Dr. Ghosh, in furtherance of Wexford's policies have resulted in him being in pain for over two years. Consequently, Plaintiff has sufficiently pled a cause of action against Dr. Ghosh in his individual capacity, and Defendants' motion is denied.

### C. Plaintiff has Adequately Stated a Claim for Deliberate Indifference as to Defendants Zhang and Tilden.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligence in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897, 117 S. Ct. 244, 136 L. Ed. 2d 173 (1996). An official is deliberately indifferent when he acts or fails to act "despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer*, at 842.

The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment. *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in

7

original), or by "woefully inadequate action."*Cavalieri v. Shepard*, 321 F.3d 616, 624 (7th Cir. 2003), as well as by no action at all.

Plaintiff alleges in his complaint that he was treated by Defendants Zhang and Tilden, that he notified them of his illnesses, and that they failed to provide adequate care. *See* Plaintiff's complaint pp. 17-21. With respect to Dr. Zhang, Plaintiff pleads that he was in horrible kidney pain due to the medication he had been prescribed for his high cholesterol. *See* Plaintiff's complaint, p. 17. He additionally pleads that she told him that kidneys don't cause pain and that the pain was in his head. *Id.* Plaintiff further pleads that in order to receive pain medication from Dr. Zhang, he had to resort to having his family contact the warden at Stateville, and contact groups such as the John Howard Association, and the National Alliance against Racist and Political Oppression. *Id.* at p. 18.

As to Dr. Tilden, Plaintiff has pled that he refused to change his prescription, even after Plaintiff complained of recurring kidney pain due to the medication he was prescribed at the time. *See* Plaintiff's complaint, pp. 19-20. Plaintiff asked Dr. Tilden if he could be tested for kidney and liver damage, and Dr. Tilden told him he'd be alright and ignored further complaints. *Id.* at p. 20. Dr. Tilden also refused to schedule Plaintiff for a chest x-ray, even though he had been treated for tuberculosis in 1995. *Id.*

As to both Defendants Zhang and Tilden, Plaintiff has adequately pled a failure to provide constitutionally sufficient medical care. He pleads that he repeatedly complained of kidney pain and that they failed to treat him for that pain. He pleads many interactions with the Defendant doctors, but that the treatment that they provided was inadequate. Making no comment as to the potential for success on the merits of Plaintiff's claims, the Court finds that he has adequately stated a claim for pleading purposes. Consequently, Plaintiff has adequately

stated a cause of action against these Defendants for deliberate indifference and Defendants' motion to dismiss is denied.

### D. Plaintiff's Complaint is not Subject to Dismissal under *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

Defendants, in their motion to dismiss, argue that Plaintiff has made unrelated claims against different Defendants because he alleges multiple medical conditions and multiple occasions of seeking medical care. Defendants contend that Plaintiff should have to bring a separate lawsuit against each Defendant.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals criticized the district court for failing to "question" the plaintiff's decision to join numerous defendants, and numerous distinct claims, in a single suit. *George*, 507 F.3d at 607. As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different Defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's claims are not unrelated, and consequently not subject to dismissal under *George*.

Plaintiff alleges a cost cutting policy on behalf of Wexford that prevents him from receiving medication for his high cholesterol that is both successful at lowering his cholesterol and which does not cause him pain in his kidneys. He alleges that Dr. Ghosh administers that policy at Stateville, and that he repeatedly complained to Drs. Zhang and Tilden about the pain

he suffered due to the medications he *was* prescribed. He further alleges that the cost-cutting policy, as implemented by the doctors at Stateville, has resulted in his developing a resistance to the treatment for staphylococcus aureus, and thus recurring bouts of infection.

While there are multiple illnesses alleged, the common set of facts adds up to a claim for ongoing failure by Defendants to provide constitutionally adequate medical care. It would be inefficient for the Court to insist that Plaintiff bring individual suits against the individual Defendants for each illness or instance of failure to treat. This was not the meaning of *George*. Consequently, Defendants' motion to dismiss Plaintiff's claims pursuant to *George* is denied.

## II.  Plaintiff's Rule 35 Motions for Medical Examination and Motion for Preliminary Injunction.

Plaintiff has brought two motions [##24, 25] asking the Court to order him to be physically examined by outside experts pursuant to Fed. R. Civ. P. 35. Plaintiff has also brought a declaration which the Court construes as a motion for preliminary injunction relating to his medical care [#6] and a more recent motion seeking a ruling on the declaration [#28]. For the following reasons, Plaintiff's motions are denied.

In one motion, Plaintiff seeks a dental examination [#25]. None of the issues raised in Plaintiff's complaint relate to a failure to provide dental care. Consequently, that motion is denied.

In the second motion, Plaintiff seeks an examination and testing of his kidneys, which he contends is necessary for him to respond to interrogatories propounded on him by Defendants. The Court declines to order an examination of Plaintiff at this time. An examination for the purpose of answering interrogatories is not required. Plaintiff should provide answers to discovery to the best of his ability and knowledge. This motion is also denied.

Plaintiff also seeks an injunction, requiring the correctional officials at Stateville to send him to an outside facility for medical testing. "The granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Machinery Co. v. Dresser Industries*, 749 F.2d 380, 389 (7th Cir. 1984). In deciding whether Plaintiff is entitled to preliminary injunctive relief, the Court must apply this standard:

> A district court must consider four factors in deciding whether a preliminary injunction should be granted. These factors are: 1) whether the plaintiff has a reasonable likelihood of success on the merits; 2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; 3) whether the threatened injury to the plaintiff outweighs the threatened harm an injunction may inflict on defendant; and 4) whether the granting of a preliminary injunction will disserve the public interest.

*Pelfresne v. Village of Williams Bay*, 865 F.2d 877, 883 (7th Cir. 1989). Thus, to obtain a preliminary injunction, a movant must first prove that his claim has "at least some merit." *Digrugilliers v. Consolidated City of Indianapolis*, 506 F.3d 612, 618 (7th Cir. 2007) (*citing Cavel International, Inc. v. Madigan*, 500 F.3d 544, 547 (7th Cir. 2007)).

While Plaintiff has pled a colorable cause of action, he has not provided the Court with any evidence to support his claims. His complaint is sufficient to survive a motion to dismiss, but does not satisfy the requirements of a preliminary injunction. Consequently, Plaintiff's motion for preliminary injunction is denied, without prejudice to Plaintiff pursuing injunctive relief in this litigation in the future.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [#16] is denied. Defendants are given 30 days to answer Plaintiff's amended complaint or otherwise plead. Plaintiff's motions for physical and dental examination [##24, 25] are denied. Plaintiff's declaration, which the

Court construes as a motion for preliminary injunction [#6], is denied and the request for decision [#28] is denied as moot.

Dated: 7/30/10

Joan B. Gottschall
United States District Court Judge